(No. 17602.—Appellate Court reversed; circuit court affirmed.)

THE MATTOON GROCERY COMPANY, Plaintiff in Error, *vs.* STUCKEMEYER & OLSON *et al.*—(A. H. WYRICK, Defendant in Error.)

*Opinion filed October 22, 1927.*

1. MORTGAGES—*a chattel mortgage, to be valid in hands of assignee of note, should be endorsed on note.* Under section 26 of the Chattel Mortgage act, the failure to endorse on the face of a note the fact that it is secured by a chattel mortgage invalidates the mortgage in the hands of an assignee of the note and mortgage before maturity.

2. GARNISHMENT—*attaching creditor, in absence of fraud, acquires only rights of his judgment debtor.* An attaching creditor acquires by reason of his attachment only such right to the property or assets attached as his judgment debtor had when the attachment in aid of garnishment was served, unless he can show fraud or collusion by which his rights are impaired.

3. SAME—*section 1 of Bulk Sales act supersedes statutes giving garnishee right of set-off.* Section 1 of the Bulk Sales act supersedes the provisions of section 10 of the Justices and Constables act and section 13 of the Garnishment act, and deprives the garnishee of the right to set off his debt against the claim of the plaintiff in garnishment where the garnishee's rights are acquired by virtue of a sale or transfer in violation of the Bulk Sales act.

4. SAME—*when the garnishee having foreclosed invalid chattel mortgage cannot set off his claim against attaching creditor—Bulk Sales act.* Where the assignee of a note and chattel mortgage on a stock of merchandise purchases the stock on foreclosure of the mortgage, which was not mentioned in the note, his purchase, where he does not comply with the Bulk Sales act and because the chattel mortgage is not valid in his hands, amounts to a technical conversion of the goods, and where he is made defendant in a garnishment proceeding by an attaching judgment creditor of the mortgagor his claim must give way to the prior right and claim of the judgment creditor, and he cannot be allowed a set-off under section 10 of the Justices and Constables act and section 13 of the Garnishment act.

5. STATUTES—*where two statutes cannot be construed together the later act must prevail.* Where two statutes apparently cover the same subject both should be given effect if possible, and where the two acts are repugnant, the one last enacted must be taken as a modification or amendment of the prior act.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Shelby county; the Hon. F. R. DOVE, Judge, presiding.

JOHN McNUTT, for plaintiff in error.

J. C. WILLARD, and GEORGE B. RHOADS, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a suit in attachment brought by plaintiff in error, the Mattoon Grocery Company, against Stuckemeyer & Olson, as debtors, and defendant in error, A. H. Wyrick, as garnishee, to recover $132.15 due for groceries sold and delivered. Judgment was rendered against Stuckemeyer & Olson and defendant in error in the circuit court of Shelby county for the full amount of plaintiff in error's claim. Upon appeal to the Appellate Court the judgment of the circuit court was reversed and the cause remanded, with directions to enter judgment against defendant in error for the amount of the balance remaining in his hands after deducting from $481 the amount due him on his note for $400 which he held against Stuckemeyer & Olson. This court granted a writ of *certiorari*.

The case was tried on a stipulation of facts in the circuit court. From the stipulation it appears that Stuckemeyer and Olson were co-partners in the retail grocery business at Shelbyville and on January 20, 1923, executed a note to one Reinert for an indebtedness of $400, securing the same by a chattel mortgage on their stock and fixtures, the note failing, however, to recite upon its face that it was secured by a chattel mortgage. The note and chattel mortgage were assigned to defendant in error before due. Before the commencement of this suit defendant in error, as such assignee, foreclosed the mortgage, took possession of

the stock and fixtures and sold the same at public sale in accordance with the provisions of the mortgage and purchased the stock and fixtures for $481. He afterward sold and disposed of them. About ten days after giving the note and mortgage Stuckemeyer & Olson began buying goods from plaintiff in error, placing the same in their stock and selling at retail until the mortgage was foreclosed. Just before foreclosure they bought groceries of plaintiff in error to the amount of about $75, which were taken under defendant in error's mortgage. No attempt was made either by Stuckemeyer & Olson or defendant in error to comply with the Bulk Sales act at any time. Defendant in error claims the entire proceeds for himself, and bases his claim to the same entirely on the foreclosure and sale under the mortgage. In his answer as garnishee in the attachment proceeding he claimed the benefit of section 10 of the Garnishment act, contending that at the time he obtained possession by foreclosure he had a valid debt against Stuckemeyer & Olson, which he might lawfully deduct from the amount for which the stock and fixtures sold on foreclosure.

The failure to endorse on the face of a note the fact that it is secured by a chattel mortgage invalidates the mortgage in the hands of an assignee, under section 26 of the Chattel Mortgage act. (*Sellers* v. *Thomas,* 185 Ill. 384; *Hogan* v. *Akin,* 181 id. 448.) The Appellate Court so held. It also held that defendant in error had no legal right to foreclose the mortgage or to seize the stock and fixtures of Stuckemeyer & Olson; that his sale thereof was a conversion of the property to his own use, and the proceeds must be regarded as assets in his hands for the benefit of the creditors of Stuckemeyer & Olson and subject to garnishment. That court held, however, that defendant in error had the right to set off his own demand against the money of Stuckemeyer & Olson in his hands before accounting to the plaintiff in error under the garnishment pro-

ceedings. The rule is, that an attaching creditor acquires by reason of his attachment only such rights to the property or assets attached as the defendant in his judgment had when the attachment in aid of garnishment was served, unless he can show fraud or collusion by which his rights are impaired. (*Commercial Nat. Bank* v. *Kirkwood,* 172 Ill. 563; *Samuel* v. *Agnew,* 80 id. 553; Drake on Attachment, 220.) In this case it is asserted, and not denied, that defendant in error took charge of the stock and fixtures of Stuckemeyer & Olson and sold the same under the purported chattel mortgage with the knowledge and consent of the co-partnership under an arrangement amounting to an accord and satisfaction of the indebtedness due defendant in error from the co-partnership. This transaction, plaintiff in error contends, amounted to a sale of the stock and fixtures in violation of the Bulk Sales act, under which statute such a sale is declared to be void.

Plaintiff in error urges that the effect of the Bulk Sales act is to amend section 10 of article 9 of the act relating to justices and constables, pertaining to garnishment in courts of justices of the peace, and section 13 of the Garnishment act, such sections being identical. These sections (Smith's Stat. 1925, p. 1599; id. p. 1420;) provide: "Every garnishee shall be allowed to retain or deduct out of the property, effects or credits in his hands all demands against the plaintiff, and all demands against the defendant, of which he could have availed himself if he had not been summoned as garnishee, whether the same are at the time due or not, and whether by way of set-off on a trial, or the set-off of judgments or executions between himself and the plaintiff and defendants severally, and he shall be liable for the balance only after all mutual demands between himself and the plaintiff and the defendant are adjusted, not including unliquidated damages for wrongs and injuries. The verdict or finding, as well as the record of the judgment, shall show in all cases, against which party, and

the amount thereof, any set-off shall be allowed, if any such shall be allowed."

Section 1 of the statute relating to sale or transfer of goods and other chattels in bulk, known as the Bulk Sales act, (Smith's Stat. 1925, p. 2273,) provides that a sale, transfer or assignment in bulk of the major part or whole of a stock of merchandise, fixtures, etc., of the vendor's business, otherwise than in the course of trade, shall be fraudulent and void as against creditors of the vendor, unless the vendee in good faith, at least five days before the consummation of the sale or transfer, demand and receive from the vendor a written statement under oath containing a full, accurate and complete list of the creditors of the vendor and their addresses and the amount owing to each, as nearly as can be ascertained, or a statement that there are no creditors, if such be the case. By this section such transfer is also made void unless, in addition to compliance with the above provision, the vendee shall, at least five days before taking possession of the goods and chattels and at least five days before the payment or delivery of the purchase price, in good faith give notice to each of the creditors, as by that act required, informing them of the price, terms and conditions of the sale.

The point of law involved in this case is raised by the contention of plaintiff in error that the Bulk Sales act, because of its repugnancy to section 10 of the Justices and Constables act, relating to garnishment, (which is the same as section 13 of the act relating to garnishment,) and by reason of its later enactment, so amends these sections of the acts relating to garnishment as to deprive the garnishee of the right to set off his debt against the claim of the plaintiff in garnishment in such a case as this. This question has never been passed upon in this State. In *Gallus* v. *Elmer*, 193 Mass. 106, in construing a Bulk Sales act similar to the one in force in this State, the court held that the act was intended to prevent a trader from dispos-

ing of his stock of merchandise in a manner outside his usual course of business so that the same shall be taken away from his creditors in general, and that a transfer to a creditor comes within the purview of the act. To the same effect is *Sampson* v. *Brandon Grocery Co.* 127 Ga. 454.

We are of the opinion that under the circumstances of this sale, while defendant in error purchased the stock of goods and fixtures at what he supposed was a valid chattel mortgage sale, yet by reason of the invalidity of the chattel mortgage the sale, and therefore his purchase, were wholly without authority and amounted to a technical conversion of the goods. By reason of the provisions of the Bulk Sales act he must be considered as holding the stock of goods and fixtures, or the proceeds from the sale thereof, for the benefit of creditors of the co-partnership as though no transfer or sale had taken place. The grocery company, plaintiff in the garnishment action, had reduced its claim against the co-partnership to judgment and brought an action in garnishment. To permit defendant in error to take the benefit of the provisions of the Garnishment act by setting off his claim against the amount in his hands would be to open the door for fraudulent transfers for the purpose of preferring creditors, thus defeating the main purpose of the Bulk Sales act, which is to prevent the vendor from disposing of his stock of merchandise out of its usual course, in such a manner that it may be taken away from his creditors. The rule as to construction of statutes which apparently cover the same subject, requires that both these acts be given effect in so far as it is possible to do so, and where two acts are repugnant, the one last enacted must be taken as a modification or amendment of the prior act. *Chicago and Riverdale Lumber Co.* v. *Vallenga,* 305 Ill. 415; *Hacken* v. *Isenberg,* 288 id. 589.

In view of the fact that the provisions of section 1 of the Bulk Sales act and the provisions of the Garnishment act referred to, in so far as they affect sales of merchan-

dise and fixtures coming within the purview of the Bulk Sales act, are inconsistent, the latter act must prevail. Therefore defendant in error is in the position of one whose claim has not been reduced to judgment and which must give way to the prior right and claim of a judgment creditor who has brought garnishment proceedings. To hold otherwise would be to render nugatory the effect and purpose of the Bulk Sales act.

The judgment of the Appellate Court is therefore reversed and that of the circuit court is affirmed.

*Appellate Court reversed; circuit court affirmed.*