(No. 23532.—

The People *ex rel.* Samuel L. Tilley, County Collector, Appellee, *vs.* The New York, Chicago and St. Louis Railroad Company, Appellant.

*Opinion filed October 14, 1936—Rehearing denied Dec. 3, 1936.*

John J. Baker, and Pope & Driemeyer, (W. J. Stevenson, of counsel,) for appellant.

Kenneth F. Kelly, State's Attorney, for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

This cause is brought here by appeal to review a judgment of the county court of Shelby county overruling objections made by appellant to a tax extended at a rate of eight cents on each $100 of assessed valuation of its property in that county, in addition to the rate of twenty-five cents extended for general county purposes, to pay principal and interest on bonds issued by the county pursuant to a vote of the people at a special election held August 13, 1934.

The facts are undisputed. The special election was called by a resolution adopted by the board of supervisors of Shelby county under the provisions of an act of the General Assembly entitled, "An act to enable counties * * * to fund, retire and purchase their outstanding bonds and other evidences of indebtedness," etc., approved and in force February 13, 1865, as subsequently amended, and hereinafter referred to as the act of 1865, (State Bar Stat. 1935, chap. 113, p. 2520,) to vote on the issue of $150,000 of bonds to fund due and unpaid claims against the county. Included in the resolution, in the notice of election and in the form of the ballots used thereat, was also the question of whether an additional annual tax of eight cents on each $100 of assessed valuation of taxable property in the county for each of the years 1934 to 1947, inclusive, should be levied to provide for the payment of the principal and interest on the bonds, such additional annual tax of eight cents to be in addition to the tax of twenty-five cents per $100 of assessed valuation of taxable property permitted to be levied annually for county purposes without an election, and to be in addition to all other taxes authorized or permitted to be levied annually for any county purpose within the constitutional limitation, and to be in addition to the constitutional limitation of seventy-five cents per $100 of valuation of taxable property in the county.

The affirmative of the proposition to issue the bonds and levy the additional tax was carried. The bonds were issued and the levy made. Appellant does not here question the validity of the bonds nor the obligation of the county board to levy and collect a tax for their payment, but the sole issue presented is whether the tax to be collected for payment of the bonds and interest shall come within the limitation of twenty-five cents fixed by section 25 of the Counties act, (State Bar Stat. 1935, chap. 34, p. 984,) or shall be in addition to such limitation.

Appellant calls our attention to the rule enunciated in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180, at page 188, to the effect that in determining the meaning of a grant of power to levy taxes strict construction will be given to that which is relied upon to confer the power but the construction will be liberal in all that tends to protect the tax-payer. We are in accord with that principle and have given it due consideration in the review of the present case.

Section 25 of the Counties act confers upon the county board authority "to cause to be annually levied and collected, taxes for county purposes, including all purposes for which money may be raised by the county by taxation, in counties having less than 135,000 inhabitants not exceeding twenty-five (25) cents on the one hundred dollars' valuation * * * except taxes authorized as additional by a vote of the people of the county," etc.

The contention of appellant respecting the validity of the eight-cent levy is based upon the claim that sections 27, 27½ and 28 of the Counties act, (State Bar Stat. 1935, chap. 34, p. 986,) under which appellee seeks to sustain the levy, contain no authority for submitting the question of voting on such tax levy at a special election but that the pertinent statutes permitted the submission of such question only at a general election, and the levy as made being without statutory sanction was therefore void.

Section 27 of the Counties act provides, in substance, for voting on the assessment of taxes "the aggregate of which shall exceed the taxes which are authorized to be levied without a vote of the people as provided in section 25 of this act," at the next election for county officers or at any judicial election, with a proviso following that "if such additional rate required is for the purpose of building a court house, or any other public building for the county, a special election may be held for such purpose."

Section 27½ of the Counties act provides, in substance, that "whenever the county board shall deem it necessary to assess taxes the aggregate of which shall exceed the constitutional limit of seventy-five cents per one hundred dollars' valuation," the board may submit the question of assessing such additional rate "to a vote of the people at any general or special election called by the county board for that purpose," followed in the succeeding paragraph by the same identical proviso contained in section 27.

It is to be noted that in the first paragraph of section 27½ express provision is made for voting on the assessment of taxes exceeding the constitutional limit of seventy-five cents on the $100 of assessed valuation at either a general or special election. This section *in toto* was enacted by the legislature in 1929 while section 27 was enacted prior to that year but was amended in 1929. Both sections were in effect in 1934 at the time the election was called and held. It is logical, therefore, to assume that the provision for submitting the question of voting at either a general or special election under section 27½ was used advisedly.

The appellant argues, however, that the language of section 27½ should be strictly construed, and that under both sections 27 and 27½ special elections might be called to vote on the proposition of levying taxes in addition to the statutory and constitutional limitations, respectively, only when the additional rate required is for the purpose

of building a court house or other public building for the county; that the provisos to both these sections show an intent of the legislature, as expressed in those sections, so to limit the power to call a special election only for the special purposes declared in the provisos. To grant appellant's contention would require the term "special" to be deleted from section 27½. It does not follow that because provision for holding an election under section 27 exclusive of the purposes stated in the proviso thereto was limited by the language thereof to a general election, necessarily the same legislative intent should be applied to section 27½.

The objector further urges that the provisos granting the power to hold a special election to vote on the levy of additional taxes for the purpose of building a court house, etc., in both sections 27 and 27½, were clearly intended by the legislature to limit and circumscribe the provisions preceding. However, an examination of the language used in those sections, we believe, will demonstrate the very contrary of that contention. The paragraph preceding the proviso in section 27 was a grant of power to vote at the next election for county officers, or at any judicial election, on the levy of taxes for county purposes in excess of the amount of taxes specified in section 25. It is to be noted that up to this point no restriction was specified or intimated respecting the purpose for which the excess taxes may be levied, the provision being merely that the county board shall set forth in its order "substantially the amount of such excess required" and "the purpose for which the same will be required," clearly including any purpose for which a county may lawfully levy a tax not in excess of either the statutory or constitutional limitation. We believe it will not seriously be contended that included within such purposes would be the right to "build a court house or any other public building for the county." Therefore the right of the county board to submit the question of assessing taxes in excess of the statutory limit of twenty-

five cents on the $100 valuation imposed by section 25 of the act to a vote of the people at the next election for county officers, or at any judicial election, would seem to be included in the general grant of power given the county board under that portion of section 27 preceding the proviso. It necessarily follows that the right of the county board to call a special election to vote on the question of assessing taxes in addition to the limit fixed by section 25 of the act where the declared purpose is for "building a court house or other public building for the county," contained in the proviso, was a specific grant of additional power and not a restriction or limitation of the powers already given by section 27.

Section 27½ goes even further in clearly stating therein, "whenever the county board shall deem it necessary to assess taxes the aggregate of which shall exceed the constitutional limit of seventy-five cents * * *. the board may * * * provide for the submission of the question of assessing the additional rate * * * to a vote of the people at any general or special election called by the county board for that purpose," etc. No mention is made therein of "at the next election for county officers or at any judicial election." The grant of power therein to submit the question at either a general or special election is couched in plain and unambiguous language, and the proviso following, conferring the authority to submit the question of the levy of the additional taxes at a special election where the purpose is to "build a court house or any other public building for the county," clearly did not abridge, nor did it enlarge, the grant of power preceding. The right given the county board under section 27½ to submit the question of voting on the levy of taxes in addition to the constitutional limitation at a special election cannot be denied.

The additional question remains as to whether the county board had the legal right to call a special election to vote on the bond issue under the provisions of the act

of 1865 and at the same time include therein the additional proposition of voting on the levy of taxes in excess of the statutory limitation of twenty-five cents conferred by section 25 of the act to pay the principal and interest on the bonds as they became due. In this connection we call attention to section 28 of the Counties act, (State Bar Stat. 1935, chap. 34, p. 986,) which provides: "If it shall be deemed necessary to submit to a vote of the people at the same election the question of issuing bonds and the raising of such additional tax, either in excess of the statutory or constitutional limit, the same may be included in one proceeding," etc. The notice of election, and also the ballots used thereat, gave the voters specific information as to the questions to be voted upon, the purpose for which the tax was to be levied, and that it was to be in addition to the constitutional limitation. That portion of section 28, "the same may be included in one proceeding," does not by any language used therein restrict the inclusion of voting on such additional tax to a general election.

Appellant asserts that the provisions of section 28 refer only to sections 27 and 27½ in so far as the same authorize the submission of voting on the additional tax, and claims the word "such," in the sentence "the raising of such additional tax," in section 28, necessarily refers to and is confined to the provisions of sections 27 and 27½. However, neither of those sections provides for a bond issue but each refers only to the means of raising additional taxes. The election to issue the bonds in the matter before us was held under the provisions of the act of 1865, section 1 of which is, in part, "that in all cases where any county * * * has contracted debts, which are the binding, subsisting legal obligations of such county," it may, upon the surrender of such evidences of indebtedness, issue refunding bonds; and section 3 of that act provides for voting at any general or special election on the question of issuing such bonds. The Counties act and the act of 1865 are different acts but both

relate to the same subject matter, namely, the refunding of county indebtedness.

A closely related statute pertaining to the issuance of refunding bonds by a county is found in "An act to enable county boards to issue the bonds of their respective counties for the purpose of paying outstanding indebtedness of such counties and to provide for the submission of the question of issuing such bonds to a vote of the voters of such counties," etc., in force July 1, 1905, (State Bar Stat. 1935, chap. 34, p. 1012,) section 1 of which provides for the calling of a special election by the county board for the purpose of voting on the question of issuing such refunding bonds. All of these sections of the Counties act are related as to subject matter and are *in pari materia* with the act of 1865, under which the bonds in question were issued. We said in *People* v. *Wallace,* 291 Ill. 465, on page 470: "Statutes which relate to the same thing or to the same subject or object are *in pari materia* although they were enacted at different times. It is a fundamental rule of statutory construction that not only should the intention of the lawmakers be deduced from a view of the whole statute and of its every material part, but statutes *in pari materia* should be construed together." So, construing, as we do, the provisions of the act of 1865 as *in pari materia* with sections 27½ and 28 of the Counties act, we hold that the county board had the right to combine in the one special election both the question of issuing the bonds and the levy of the additional tax to pay the principal and interest thereon as the bonds were to mature.

The judgment of the county court of Shelby county overruling objections made by appellant to the tax extended was correct and is affirmed.

*Judgment affirmed.*