DAN E. GILLESPIE, Plaintiff-Appellee, *v.* THE CITY OF MAROA, Defendant-Appellant.

Fourth District    No. 17441

Opinion filed March 11, 1982.

Brown, Hawkins, Basola & Mattingley, of Decatur (Gregory A. Mattingley, of counsel), for appellant.

Harry J. Westfall, of Decatur, for appellee.

JUSTICE MILLS delivered the opinion of the court:

Arrest by city police officer for disorderly conduct—no charges filed—City and officer sued for unlawful arrest—out of court settlement between arrestee and officer—suit against officer dismissed with prejudice.

Must the City now indemnify the officer for the amount of the settlement?

No.

We reverse.

On September 16, 1973, plaintiff was employed by the City of Maroa as a police officer. While on routine patrol, he stopped a vehicle driven by Julian T. Liming for two minor traffic violations. Liming became belligerent and abusive and was arrested by plaintiff on charges of disorderly conduct. The Macon County State's Attorney did not file any charges against Liming as a result of this incident. Liming subsequently sued both plaintiff and defendant for unlawful arrest. Initially, both parties were represented by the same law firm and defendant thus had actual notice of the pendency of the lawsuit against plaintiff. Plaintiff did not, however, provide defendant with a separate written notice of Liming's lawsuit against him. Eventually, Liming and plaintiff effected an out-of-court settlement of their dispute. Under terms of the settlement agreement, plaintiff paid Liming $500 and Liming executed a release in plaintiff's favor. The release provided, *inter alia*, that Liming would direct his attorney to move for dismissal with prejudice of his lawsuit against plaintiff. On March 19, 1981, plaintiff filed suit in the small claims division of the Macon County circuit court, seeking indemnification from the City of Maroa for the amount of the settlement. Following a bench trial, judgment was entered in favor of plaintiff in the amount of $500. Defendant appeals from this judgment.

■■ At the outset, we note that plaintiff failed to file a brief in this appeal. This does not, however, require *pro forma* reversal of the trial court's judgment, and since we are confronted with a relatively simple record, we may decide the merits of this appeal. See *People v. Athey* (1976), 43 Ill. App. 3d 261, 356 N.E.2d 1332.

I

Defendant initially contends that plaintiff's failure to give separate written notice of the pendency of Liming's lawsuit against him bars plaintiff's claim for indemnity. At issue here is the interpretation to be

accorded the notice requirement of section 1—4—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 1—4—6). Section 1—4—6 reads in pertinent part as follows:

"In case any injury to the person or property of another is caused by a member of the police department of a municipality * * *, the municipality * * * shall indemnify the policeman for any judgment recovered against him as the result of such injury, except where the injury results from the wilful misconduct of the policeman * * *. Any policeman, or any person who, at the time of the performing such an act complained of, was a policeman, who is made a party defendant to any such action shall, within 10 days of service of process upon him, notify the municipality by whom he is or was employed, of the fact that the action has been instituted, and that he has been made a party defendant to the same. Such notice shall be in writing, and shall be filed in the office of the city attorney or corporation counsel, if there is a city attorney or corporation counsel, and also in the office of the municipal clerk, either by himself, his agent, or attorney. The notice shall state in substance, that such policeman, (naming him), has been served with process and made a party defendant to an action wherein it is claimed that a person has suffered injury to his person or property caused by such policeman; stating the title and number of the case; the court wherein the same is pending; and the date such policeman was served with process in such action, and made a party defendant thereto. * * * The duty of the city to indemnify any such policeman for any judgment recovered against him shall be conditioned upon receiving notice of the filing of any such action in the manner and form hereinabove described." (Ill. Rev. Stat. 1979, ch. 24, par. 1—4—6.)

Defendant admits that it had actual knowledge of Liming's lawsuit against plaintiff. The issue, thus, is whether actual notice of the pendency of the lawsuit negates the necessity of compliance with the notice requirements of section 1—4—6 of the Municipal Code in order for a policeman to obtain indemnification pursuant to that section.

■■ We have discovered no authority as to the effect to be accorded section 1—4—6 of the Municipal Code in this type of situation. The public policy considerations underlying the construction which has been given the notice requirement of section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 8—102), do, however, provide us with some guidance as to the resolution of this issue. Section 8—102 prescribes the type of notice which is to be given by one who commences a civil action for damages against a local public entity or its employees. Formerly, the filing of a lawsuit within the period prescribed by section 8—102 for

giving notice did not constitute compliance with the notice requirement. (*Erford v. City of Peoria* (1907), 229 Ill. 546, 82 N.E. 374.) This interpretation of section 8—102 was explicitly overruled, however, in *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89. There, no notice was served on the city within the six-month period which section 8—102 then prescribed, but suit was filed against the municipality within one month after the incident complained of. The court held that since under these circumstances, modern discovery procedures afforded the municipality the opportunity to obtain even more information about the incident than could be obtained from a notice which completely conformed to the requirements of section 8—102, the filing of suit within the notice period satisfied the notice requirements of that statute. The same considerations which caused the *Dunbar* court to hold that the filing of suit within the notice period satisfies the notice requirement of the Tort Immunity Act, necessitate the formulation and application of a similar rule in regard to the type of situation with which we are confronted here. The clear purpose of statutory notice provisions involving actions against governmental entities is to encourage early investigation into claims asserted against the entity, at a time when the matter is still fresh, witnesses are available, and conditions have not materially changed. (*Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 348 N.E.2d 176.) In the present case, the City of Maroa, having been sued jointly with plaintiff, and having been represented for a time by the same law firm as plaintiff, obviously had knowledge of the pendency of Liming's lawsuit against plaintiff, and itself being a defendant in the action, had as ample an opportunity to investigate the basis of Liming's claim against plaintiff as it would have had if plaintiff had fully complied with the notice requirements of section 1—4—6 of the Municipal Code. Therefore, we conclude that under the circumstances involved here, plaintiff's failure to comply with the notice requirements of section 1—4—6 of the Municipal Code is not in itself a bar to his claim for indemnity.

## II

Defendant next argues that the word "judgment," as used in section 1—4—6 of the Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 1—4—6), does not encompass an amount paid pursuant to a settlement agreement which results in dismissal with prejudice of the underlying lawsuit. In support of its argument, defendant relies on section 2—302 of the Tort Immunity Act which provides in pertinent part as follows:

> "If any claim or action is instituted against an employee or former employee of a local public entity based on an injury allegedly arising out of an act or omission occurring within the

scope of his employment as such employee, the entity may elect to do any one or more of the following:

(a) Appear and defend against the claim or action;

(b) Indemnify the employee or former employee for his court costs incurred in the defense of such claim or action;

(c) Pay, or indemnify the employee or former employee for a judgment based on such claim or action, or

(d) Pay, or indemnify the employee or former employee for, a compromise or settlement of such a claim or action." (Ill. Rev. Stat. 1979, ch. 85, par. 2—302.)

Defendant contends that section 1—4—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 1—4—6) and the above section of the Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 2—302) are *in pari materia* and that if "judgment" were construed as encompassing all settlements, subsection (d) of section 2—302 of the Tort Immunity Act would be superfluous.

Statutes are *in pari materia* when they have the same purpose or object (*People ex rel. Community High School District No. 231 v. Hupe* (1954), 2 Ill. 2d 434, 118 N.E.2d 328) or relate to the same person or thing (*People ex rel. Tilley v. New York, Chicago & St. Louis R.R. Co.* (1936), 364 Ill. 456, 4 N.E.2d 867). Section 1—4—6 of the Municipal Code and section 2—302 of the Tort Immunity Act are thus obviously *in pari materia* in that they relate to reimbursement of police officers for claims for damages which are filed against them arising out of acts committed in the course of their employment and set forth the conditions under which policemen may be reimbursed for the amount of such damages by their municipal employers.

■■ Having determined that these two statutory provisions are *in pari materia*, a close look at section 2—302 of the Tort Immunity Act reveals that for purposes of section 1—4—6 of the Municipal Code, "judgment" must not be interpreted as encompassing an out-of-court settlement of the type involved here. If "judgment" were read as encompassing a settlement of this type, subsection (d) of section 2—302 of the Tort Immunity Act which provides that governmental entities may pay, or indemnify employees for settlements or compromises of certain claims filed against them, would conceivably apply only to those situations where an employee settles a claim before a suit is even filed or where a settlement is made and the underlying lawsuit is not dismissed. Both of these situations obviously occur rarely, if ever. Thus, an interpretation of "judgment" as encompassing an out-of-court settlement which results in dismissal with prejudice of the relevant lawsuit would render subsection (d) of section 2—302 of the Tort Immunity Act redundant. Since a statute should be construed so as to give effect to all of its provisions so that no part thereof is

inoperative, superfluous, or ineffective (*Mid-South Chemical Corp. v. Carpentier* (1958), 14 Ill. 2d 514, 153 N.E.2d 72), we cannot construe the term "judgment," as used in section 2—302 of the Tort Immunity Act, as encompassing an out-of-court settlement of the kind which we have here. Since words in *in pari materia* statutes should be construed in a uniform manner (see *Commissioner of Internal Revenue v. Estate of Ridgway* (3d Cir. 1961), 291 F.2d 257), we must hold that "judgment," as used in section 1—4—6 of the Municipal Code, likewise does not encompass an out-of-court settlement resulting in dismissal with prejudice of the underlying lawsuit. Because Liming did not, therefore, recover a judgment against plaintiff for purposes of section 1—4—6 of the Municipal Code, that statute does not require defendant to indemnify plaintiff for the amount of plaintiff's settlement with Liming.

## III

■■ Defendant further contends that plaintiff's immunity from liability when arresting Liming provides an independent basis for denial of plaintiff's claim for indemnification for the amount of his settlement with Liming. As support for this proposition, defendant relies on section 2—202 of the Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 2—202) as construed in *Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27, 282 N.E.2d 144. Section 2—202 of the Tort Immunity Act reads as follows:

> "A public employee is not liable for his action or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence." (Ill. Rev. Stat. 1979, ch. 85, par. 2—202.)

The *Arnolt* court held that if a policeman is immune from liability because of section 2—202 of the Tort Immunity Act, there is no duty to indemnify him under section 1—4—6 of the Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 1—4—6). In the present case, the trial court did not specifically find that plaintiff was engaged in "the execution or enforcement" of a law at the time of Liming's arrest, but it did find that Liming's suit against plaintiff arose "out of an arrest situation"; that at the time of the arrest, plaintiff was "performing his duty as a police officer"; and that "there was no wilful conduct on the part of plaintiff." We deem this holding, especially the finding that plaintiff did not engage in wilful conduct at the time of the arrest, to be the equivalent of a decision that plaintiff, at the time of Liming's arrest, was engaged in a good faith effort to enforce a law and was thus immune from liability for any alleged damages arising out of the arrest. (See *Wilson v. Hunk* (1977), 51 Ill. App. 3d 1030, 367 N.E.2d 478.) It follows that plaintiff's immunity at the time of the arrest necessarily precludes any duty on the part of defendant to indemnify him for the amount of the settlement which he effected with Liming.

For the foregoing reasons, the judgment of the circuit court of Macon County must be reversed.

Reversed.

GREEN, P. J., and WEBBER, J., concur.