Richard HILL, Plaintiff-Appellant,

v.

Thomas LONGINI, John Ranieri, Gregory Rambo and Village of Crete, Defendants-Appellees.

No. 84–3040.

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1985.

Decided July 3, 1985.

Corey P. O'Dell, Kurnik & Cipolla, Arlington Heights, Ill., for plaintiff-appellant.

Edward A. Cohen, William S. Grotefeld & Assoc., Chicago, Ill., for defendants-appellees.

Before WOOD and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

Attorney Frank E. Glowacki appeals from a final order of the district court vacating its previous order awarding attorney's fees to him payable by the Village of Crete. Glowacki was retained by two individual police officers, who were sued under section 1983 for unlawfully arresting and beating the plaintiff, after their employer and co-defendant, the Village of Crete, refused to defend them. The Village ultimately effected a settlement with plaintiff that released all defendants and the case was dismissed with prejudice. The individual police officers were not required to contribute to the settlement.

Glowacki then petitioned the district court for an award of fees for the time he devoted to the suit prior to settlement. He contended that the Village was required to "indemnify" the officers for their attorney's fees under Ill.Rev.Stat. ch. 24, § 1–4–6. Glowacki argued, and in the absence of opposition by the Village the district court held, that the duty to "indemnify" police officers for judgments entered against them includes the duty to pay attorneys' fees. Upon reconsideration, the court concluded that fees are not recoverable under the statute. We agree.

At issue in this case is the proper construction of section 1–4–6, which provides, in pertinent part, that:

> In case any injury to the person or property of another is caused by a member of the police department of a municipality having a population of less than 500,000, while the member is engaged in the performance of his duties as a policeman, and without the contributory negligence of the injured person or the owner of the injured property ..., the municipality in whose behalf the member of the municipal police department is performing his duties as policeman shall indemnify the policeman for any judgment recovered against him as the result of such injury, except where the injury results from the wilful misconduct of the policeman, to the extent of not to exceed $100,000 including costs of suit. Any policeman, or any person who, at the time of performing such an act complained of, was a policeman, who is made a party defendant to any such action shall, within 10 days of service of process upon him, notify the municipality by whom he is or was employed, of the fact that the action has been instituted, and that he has been made a party defendant to the same.... The municipality which is or may be liable to indemnify the policeman shall have the right to intervene in the suit against the policeman, and shall be permitted to appear and defend. The duty of the city to indemnify any such policeman for any judgment recovered against him shall be conditioned upon receiving notice of the filing of any such action in the manner and form hereinabove described.

Section 1-4-6, then, creates an obligation on the part of a municipality to indemnify its police officers for judgments entered against them provided they were engaged in the performance of their duties as officers, but were not engaged in willful misconduct. Costs of suit are included, but Glowacki agrees that costs do not include attorneys' fees. Illinois courts have made clear that a settlement does not qualify as a "judgment" within the meaning of section 1-4-6. *See Gillespie v. City of Maroa,* 104 Ill.App.3d 874, 60 Ill.Dec. 646, 433 N.E.2d 688 (4th Dist.1982); *see also Glover v. City of Chicago,* 106 Ill.App.3d 1066, 62 Ill.Dec. 597, 436 N.E.2d 623 (1st Dist.1982) (under Ill.Rev.Stat. ch. 24, § 1-4-5, governing indemnification by municipalities with populations over 500,000, indemnification obligation does not arise unless and until judgment is obtained). In the case at bar, it is undisputed that no judgment was entered against Glowacki's clients which might have triggered a duty to indemnify.

◼ Glowacki, not to be deterred, argues that section 1-4-6 creates an obligation on the part of a municipality to defend its police officers either through provision of counsel or through the payment of attorneys' fees to counsel retained by the officers. We find no such duty in the language of section 1-4-6. It merely provides that the municipality "shall be permitted to appear and defend." In light of this permissive language, it would strain the plain meaning of the statute to equate a duty to indemnify with a duty to defend. Our reading of the statute is that the legislature intended a municipality to have no duty to do anything until the alleged indemnitee is adjudged liable.

Glowacki contends that our construction of section 1-4-6 will lead to absurd results: a police officer whose defense will be at his own expense will refuse to defend the suit against him, allow a default judgment to be entered, and seek indemnification from his municipal employer. Initially, we note that it is not at all clear that the term "judgment" in section 1-4-6 would be construed to include a default judgment. This is not an issue we need decide here. Even if it were so construed and a default judgment had been entered against Glowacki's clients, the allegation that they engaged in willful misconduct would be deemed established, thereby relieving the municipality of its obligation to indemnify. In conclusion, we find that attorney's fees were not awardable to Glowacki under section 1-4-6.

◼ Alternatively, Glowacki contends that the Village was unjustly enriched by his performance of legal services on behalf of his clients. Again, Glowacki argues that if he had not been retained, a default judgment for which the Village would have been liable would have been entered against the officers. We fail to see how the Village benefited; as we have noted a default judgment in this case would have relieved the Village of its duty to indemnify. Glowacki also submits that the Village acquired the services of an experienced and able trial attorney at no expense. Glowacki was not defending the Village, but two individual officers; because the Village had no duty to defend those officers, Glowacki, in defending them, rendered no service on behalf of the Village. The Village expended its own funds in defending itself from liability for the officers' actions, and effected and paid in full a settlement that released the officers and itself. Under the circumstances, there was simply no unjust enrichment.

Finally, Glowacki contends that his fees are awardable under 42 U.S.C. § 1988. He argues that his clients were "prevailing parties" within the meaning of section 1988 because they were released from liability through settlement but paid nothing to plaintiff. Although Glowacki did not petition the district court for an award of fees under § 1988, and therefore cannot properly raise this issue on appeal, his position is so patently without merit that we feel free to comment on it.

◼ Section 1988 provides that in a civil rights action the court may, in its discretion, award the prevailing party (other than the United States) a reasonable attorney's fee as part of the costs. Both

plaintiffs and defendants may be considered prevailing parties for the purposes of section 1988. A plaintiff will be considered a prevailing party under section 1988 if he has succeeded " 'on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing the suit.' " *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)). Clearly, a plaintiff who prevails through settlement may be awarded fees under section 1988. *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980). A defendant may be considered a prevailing party under section 1988 if plaintiff's action was "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley,* 461 U.S. at 429 n. 2, 103 S.Ct. at 1937 n. 2; *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *Mary Beth G. v. City of Chicago,* 723 F.2d 1263, 1277–78 (7th Cir.1983). Only actions that are groundless will give rise to an attorney's fee award for a defendant. *Id.* at 1278.

Under these definitions, the only prevailing party in this case was plaintiff Hill. He prevailed through settlement in his suit against the Village and the individual officers. None of the defendants can be considered a prevailing party vis-a-vis plaintiff. This, we believe, is the only standard of comparison embodied in section 1988; a defendant cannot recover his attorney's fees from a co-defendant on the theory that he was not required to contribute to a settlement that released all defendants.

AFFIRMED.