(No. 14747.—Appellate Court reversed; superior court affirmed.)

THE CHICAGO AND RIVERDALE LUMBER COMPANY, Appellant, *vs.* BERNARD VELLENGA, Appellee.

*Opinion filed October 21, 1922—Rehearing denied Dec. 13, 1922.*

MECHANICS' LIENS—*when sub-contractor is entitled to foreclose lien on land registered under Torrens act.* Under the Mechanic's Lien act and the Torrens act a sub-contractor who has complied with section 24 of the Mechanic's Lien act is entitled to foreclose his lien as against a subsequent purchaser who has actual notice of the contractor's claim although no memorial of the lien is on record when the purchaser's certificate is issued, provided the sub-contractor brings suit to foreclose within the time required by section 33 of the Mechanic's Lien act and has complied with section 84 of the Torrens act as to notice of *lis pendens.* (*Hacken* v. *Isenberg,* 288 Ill. 589, and *In re Bickel,* 301 id. 484, followed.)

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

ARCHIBALD CATTELL, and CARL A. WALDRON, for appellant.

GUSTAVE NELSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

A decree was entered in the superior court of Cook county holding that the Chicago and Riverdale Lumber Company, a corporation, was entitled to a lien upon certain real estate and that the rights of Bernard Vellenga were subject to said lien. Upon an appeal being taken by Vellenga to the Appellate Court for the First District the decree was reversed and the case remanded, with directions to dismiss the bill for want of equity. From the decision of the Appellate Court, under a certificate of importance granted by that court, an appeal has been prayed to this court.

From the record it appears, without controversy, that the real estate in question was registered under the Torrens system in the name of Frank G. Turner and Cora Turner, his wife, as joint tenants, on November 19, 1917. On this last named date the owners executed and delivered to Henry W. Johnson a warranty deed to the premises, which was never recorded. Johnson thereafter entered into a contract with John Anderson, a general contractor, to erect a building on the premises. Pursuant to that contract Anderson entered into a contract, partly oral and partly written, with the Chicago and Riverdale Lumber Company to furnish lumber and millwork to be used in the construction of the building, on which sub-contract there was due said company, after allowing all credits, thirty days after the delivery of the last material, February 14, 1918, $720.56. The sub-contractor served the statutory notice, under the provisions of the Mechanic's Lien act, on Johnson on April 12, 1918, which was within sixty days after the date of the last delivery. On April 7, 1918, Vellenga telephoned the secretary of the lumber company stating that he was negotiating with Johnson for the purchase of the property and wanted to ascertain the amount of the sub-contractor's bill for the lumber and millwork, and an itemized statement was sent by the company and received by Vellenga on April 8, 1918. On May 18, 1918, Vellenga and Johnson completed their negotiations for the purchase of the premises, and by mutual consent the Turners, the former owners, deeded the property direct to Vellenga, the unrecorded deed from the Turners to Johnson being taken up and destroyed. Vellenga's deed was recorded in the office of the registrar of titles on May 21, 1918, and a Torrens certificate was issued to him showing no memorial of complainant's lien. On July 13, 1918, the lumber company filed its bill to foreclose its lien as a sub-contractor, and on the same day filed in the office of the registrar of titles its *lis pendens* notice, as required by section 84 of the Torrens act.

From the undisputed facts the question of law arises as to whether a sub-contractor who has complied with the provisions of sections 24 and 33 of the Mechanic's Lien act, and has also complied with section 84 of the Torrens act as to notice of *lis pendens,* is entitled to a lien as against a purchaser who has acquired title to the real estate within the time granted by the Mechanic's Lien act during which a sub-contractor may file his suit to foreclose. The decree of the superior court held that a sub-contractor, under such circumstances, is entitled to a lien, while the Appellate Court held that he is not so entitled unless he complies with certain provisions of the Mechanic's Lien act and has the memorial of his lien recorded in the Torrens office before the buyer purchases the land relying on the title as shown by the Torrens certificate.

It was held by the Appellate Court that it is the purpose of the Torrens act to create an independent system of registration of land titles, requiring that notice of all liens relating to land so registered be filed and registered in the registrar's office, and that it was the intention of the Torrens act, properly construed, that the certificate of registration issued in conformity with its provisions should be conclusive evidence of the title of the registered owner and of all liens thereon, basing the decision, so far as supported by specific authorities, on decisions in other jurisdictions as to the effect of the Torrens act in such jurisdictions. Doubtless the legislature might by the Torrens act require the evidence of title registered thereunder to be conclusive evidence as to the title and existing liens, but this court has not construed the Torrens act to so require. In the last decision rendered by this court on this question, (*In re Bickel,* 301 Ill. 484,) the court, after discussing the ideal that was in mind as to the requirements of the Torrens system, said (p. 492) : "The practical question presented is how near the ideal may be approached in view of other established rules of property. The certificate of title is not always en-

305—27

tirely conclusive,"—citing authorities to that effect. In the case of *Hacken* v. *Isenberg,* 288 Ill. 589, this court had occasion to construe at some length the bearing of the Torrens act on the provisions of the Mechanic's Lien act of this State, and held that the two acts should be construed together so far as consistent, and said (p. 601): "Sections 89 and 90 of the Torrens act in express terms recognize the Mechanic's Lien act, and there is no section in the Torrens act that was enacted with a view to repeal any section of the Mechanic's Lien act of 1895. The requirements of section 89 of the Torrens act are, in substance, that the claim or notice for a lien mentioned in section 7 of the Mechanic's Lien act shall be filed in the registrar's office instead of in the circuit clerk's office, with the further provision that until so filed and registered no such lien shall be deemed to have been created." This court, in commenting on and approving the *Hacken case, supra,* said in the later case of *In re Bickel, supra,* on page 492: "At the time the Torrens law was enacted the provisions of the Mechanic's Lien act with respect to filing the claim and enforcing the lien were substantially the same as they are now, and it must be presumed that the legislature had the Mechanic's Lien act in mind at the time it enacted the provisions of the Torrens law affecting mechanics' liens. By the enactment of the Torrens law the legislature did not change the procedure by which mechanics' liens are enforced, but specifically provided that the proceedings to enforce the lien should be the same as the proceedings provided in the Mechanic's Lien act. The legislature did, however, place an additional burden upon the mechanic or material-man who seeks to charge registered land with a mechanic's lien, by requiring that notice of the suit to enforce the lien must be noted upon the register of the certificate of title to the land affected or the suit would not be deemed to be *lis pendens* or notice to any person dealing with the land."

It would appear manifest from the reading of these two opinions, that in construing these two acts it should be held that under the provisions of the Mechanic's Lien act as to notice and obtaining a lien by the contractor who furnished material, no further action was required to fix the validity of the lien and give notice to a purchaser of the property than was required by section 84 of the Torrens act. The former decisions of this court have, in terms, so held, and the only difference between those cases and the one here under consideration is, that in those cases the court was passing on the rights of original contractors under the Mechanic's Lien act, while in this case we are considering the question of sub-contractors under the same act. The reasoning of this court in those opinions, however, as to the right of the enforcement of mechanics' liens applies just as strongly to the rights of sub-contractors as to the rights of contractors. If the holding of the Appellate Court and the argument of counsel for appellee be correct in this case that in order to permit a sub-contractor to enforce his lien he must, under section 92 of the Torrens act, have a memorial spread of record in the registrar's office before the lien can be binding upon the purchaser of the property,—if this be the correct construction of the Torrens act and the Mechanic's Lien act construed together,—then section 92 of the Torrens act repealed by implication sections 24 and 33 of the Mechanic's Lien act, and this court would be incorrect in stating in its former decisions that the only additional burden upon the mechanic or material-man required by the Torrens act, over and above the requirements of the Mechanic's Lien act, is that he who seeks to enforce his lien against registered land is required to give notice of *lis pendens* under section 84.

We think that under the provisions of the Mechanic's Lien act and the Torrens act, properly construed together, the Chicago and Riverdale Lumber Company having filed its bill to foreclose its lien as a sub-contractor within the

time required under the Mechanic's Lien act and having given notice under section 84 of the Torrens act of *lis pendens* as to that suit, the lien of the lumber company attached, under the provisions of the Mechanic's Lien act, as against subsequent purchasers of the land in question, as of the date of the sub-contract made between appellant and the then owner of the land. (*In re Bickel, supra; Pittsburgh Plate Glass Co.* v. *Kransz,* 291 Ill. 84.) This being so, the conclusion necessarily follows that the judgment of the Appellate Court must be reversed and the decree of the superior court of Cook county affirmed.

*Judgment of Appellate Court reversed.*
*Decree of superior court affirmed.*