ROBERT J. QUINN, Plaintiff-Appellee, *v.* THE RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO *et al.*, Defendants—(JOSEPH P. QUINN *et al.*, Defendants-Appellants.)

(No. 54399; )

First District—July 6, 1972.

*Rehearing denied October 13, 1972.*

Holland C. Capper and Geoffrey G. Gilbert, both of McBride, and Baker, Wienke & Schlosser, of Chicago, for appellants.

John M. Daley and Jack M. Siegel, both of Chicago, for appellee.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and Daniel Pascale, Assistant Corporation Counsel, of counsel,) for defendants.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This administrative review action was brought by Robert J. Quinn, Fire Commissioner of the City of Chicago, to compel the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago to accept his payment of $17,430.75 to the Fund so that his pension would be based upon his actual salary as Commissioner rather than that based on the salary appropriated for his civil service grade. The eight member Board of Trustees by a four to four vote refused to accept the payment. The trial court reversed that decision and directed the Board to accept payment from the plaintiff so that he would qualify for a pension based on his Commissioner's salary. The four members of the Board of Trustees who voted against accepting plaintiff's check prosecute this appeal. Plaintiff has filed a motion to dismiss the appeal, contending that the appellants have no standing to bring the appeal. Additionally, the Corporation Counsel of the City of Chicago, who by law, (Ill. Rev. Stat. 1967, ch. 108½, par. 6—208), represents the Board of Trustees of the Fund, has also filed a motion to dismiss the appeal on the same grounds. Those motions to dismiss the appeal were taken by the court and will be considered in this opinion.

In 1957 the plaintiff was appointed Fire Commissioner by the Mayor of Chicago and confirmed by the City Council. He has held the position since that time. Through those years his pension deductions were computed upon the basis of his civil service rank of Division Fire Marshal. In 1967, the annual salary of Division Fire Marshal was about $14,000, while the salary of the Fire Commissioner was $30,000.

On March 1, 1968, plaintiff, citing a change in the Firemen's Pension Code, (Ill. Rev. Stat. 1967, ch. 108½, par. 6—163), tendered the aforesaid check to the Secretary of the Fund with a statement that the money was to be credited to his age and service account so that his pension would be based on the Commissioner's salary. The first sentence of Section 6—163, after the 1967 amendment, reads as follows:

"For age and service annuity, the minimum annuities prescribed in Sections 6—123 and 6—128 and for disability benefits, salary as defined in Section 6—111 shall be the basis of computation."

Section 6—111 defines the salary of a fireman as "the actual amount of the annual salary". Prior to the amendment, Section 6—163 had read in part as follows:

"For the minimum annuity, disability pension and duty disability benefit under this Article, it shall be assumed that the amount set out and appropriated for the rank or grade held by him in the annual budget or appropriation of the city * * *."

Plaintiff's check was returned by the Secretary of the Fund with the explanation that the Board lacked the authority to accept it. On August 9, 1968, the check was resubmitted to the Fund by the Corporation Counsel of Chicago along with his written opinion that, because of the change in Section 6—163 of the Firemen's Pension Code, plaintiff was entitled to have his pension based on the Commissioner's salary. The Board voted four to four on the issue of accepting plaintiff's check, and as a result of the tie vote, the check was not accepted. Plaintiff then petitioned the Board for an administrative hearing in order that he might present evidence to support his claim. In response to plaintiff's request, the Board set a date for a hearing.

The Retirement Board of the Fireman's Fund was created by Statute. (Ill. Rev. Stat. 1967, ch. 108½, par. 174.) The membership of the Board consists of the City Treasurer, the City Comptroller, the City Clerk, the Chief Fire Marshal of the Department, three firemen elected by firemen in active service and one fireman elected by the pensioned firemen. The statute makes no provision for a tie-breaking vote, but provides that no pension shall be granted and no money paid out of the Fund unless ordered by a majority of the members of the Board. The Board's decisions are reviewable under the Administrative Review Act. The following evidence was adduced at the instant Board hearing.

Doctor Charles A. Pounian, Personnel Director for the Chicago Civil Service Commission, testified for plaintiff as to the latter's career on the fire department. Plaintiff became a fireman in 1928, and after various promotions, attained his highest civil service rank, Division Fire Marshal, in 1953. Plaintiff subsequently became Deputy Fire Marshal and then

assistant Fire Commissioner, both assignments described by Pounian as temporary. In 1957 plaintiff was named Fire Commissioner, an assignment which was characterized as exempt by Pounian.

Sidney R. Drebin, an assistant Corporation Counsel, testified for plaintiff with respect to the Corporation Counsel's written opinion on the matter. That opinion supported plaintiff's position. Drebin believed that, as a result of the 1967 amendment to Section 6—163 of the Pension Code, plaintiff's pension rights were based entirely on his annual salary as commissioner. Drebin stated that there might be a conflict between 6—163 and 6—211 of the Pension Code, but if there was a conflict, Section 6—163, which was enacted later, would take precedence. In preparing the opinion in support of plaintiff's petition, Drebin had not considered Section 23—101 of the Pension Code which provides that no greater benefits may be granted than those existing under the act prior to the effective date of the Code, unless the benefits are changed by specific amendment to the Code. Drebin believed that plaintiff occupied a permanent position in the fire department, and cited an earlier opinion of the Corporation Counsel in support of that position.

In addition to the written opinion of the Corporation Counsel, a written interpretation of the intent and meaning of the amendment to Section 6—163 was submitted to the Board by A. A. Weinberg, an actuary of the Fund. That interpretation also supported plaintiff's position. The intent of the amendment, in Weinberg's view, was to establish uniformity with respects to contributions and benefits for all firemen and members of the pension fund. In Weinberg's opinion, as a result of the amendment, contributions by the firemen and the rates of pension would be predicted on the actual salary rather than on a fictitious standard. Weinberg observed that the phrase "temporary appointment" was not defined in the pension law, but that its general meaning was service for a period of 60 to 90 days. In Weinberg's opinion, the amendment to Section 6—163 clearly revealed its intent that benefits and contributions by all participants in the fund would be based on their annual salary. Weinberg further indicated that unless that intent was recognized, the amendment was without any meaning.

Eleven members of the Chicago Fire Department, all of different ranks and positions, testified in behalf of plaintiff that as Commissioner he participated actively in fighting fires and that he assumed command of all fire department personnel upon his arrival at a fire. Plaintiff testified before the Board with respect to his activities as a fireman and also that he actively fought fires as Commissioner. Photographs were introduced at the hearing which showed plaintiff actively engaged in fighting fires since he became Commissioner.

Following the presentation of the evidence before the Board, a motion was made to grant the relief requested by plaintiff. The vote of the Board again resulted in a four to four tie vote, the four firemen selected by the active and pensioned firemen voting to deny plaintiff's petition. Because it failed to receive a majority vote, plaintiff's request was denied. Thereafter plaintiff filed an administrative review action in the circuit court seeking reversal of the Board's decision. Defendants were the Board itself and its members, not in their personal capacities but as members of the Board. Thereafter a motion to strike and dismiss the complaint was filed in the clerk's office by an assistant Corporation Counsel. However, that pleading was withdrawn without leave of court, and an answer consisting of the entire record before the Board was filed by the Corporation Counsel. On the trial date, the Corporation Counsel of Chicago, the Boards attorney, appeared in open court and urged the trial judge to reverse the decision of the Board. The trial judge found that the Board's action in rejecting plaintiff's claim was contrary to law and against the manifest weight of the evidence. The individual members of the Board who were opposed to granting relief to plaintiff engaged their own counsel and bring this appeal.

■■■ We initially consider the motions to dismiss the appeal filed by plaintiff and by the Corporation Counsel of Chicago on the grounds that appellants lack standing to sue. Although recognizing that members of an administrative board are powerless to act except as a board, (*Selby v. Village of Winfield*, 255 Ill.App. 67; *Hotchkiss v. City of Calumet City*, 377 Ill. 615, 37 N.E.2d 332), and that to appeal from an adverse decision one must have some special personal interest directly and materially affected by that adverse decision, (*Castleman v. Civil Service Commission*, 58 Ill.App.2d 25, 206 N.E.2d 514), we believe that, under the facts and circumstances of the instant case, appellants have standing to bring the appeal. By virtue of the statutory requirement that a majority vote is necessary to obtain any action by this eight member board, the four votes cast by appellants to reject plaintiff's petition for relief became the decision of the Board. Since that decision was reversed by order of the circuit court, we believe that it would be improper and that ends of justice would not be best served if appellants were foreclosed from obtaining any review of that order. (See *Nott v. Wolff*, 18 Ill.2d 362, 163 N.E.2d 809.) Accordingly, the motions to dismiss the appeal are denied.

■■ We are asked to decide what effect the 1967 amendment to Section 6—163 of the Firemen's Pension Code had on plaintiff's pension rights. As amended, the first sentence of Section 6—163 provides that salary as defined in Section 6—111 of the Pension Code shall be the basis of computation for annuities and pensions. Section 6—111 defines salary of a

fireman as the actual amount of the annual salary. Prior to the amendment, Section 6—163 provided that, in determining annuities and pensions, annual salary of a fireman was the amount set out and appropriated for the rank or grade held by him in the annual budget. In our opinion, the legislature clearly intended that after the 1967 amendment to Section 6—163 the minimum annuity or pension of a participant in the fund would be predicated upon the actual amount of annual salary appropriated in the annual budget for the particular position occupied by the participant. Consequently plaintiff would be entitled to have his pension rights based upon his annual salary as Fire Commissioner rather than on the salary of his highest attained civil service rank, Division Fire Marshal. As indicated by the pension actuary in his opinion submitted to the Board, any other interpretation of the amendment would render it meaningless.

■■ It is the duty of the courts to construe acts of the general assembly so as to uphold their constitutionality and validity if it can reasonably be done. (*Southmoor Bank and Trust Co. v. Willis*, 15 Ill.2d 388, 155 N.E.2d 308; *People v. Illinois State Toll Highway Com'n*, 3 Ill.2d 218, 120 N.E.2d 35.) In construing a statute it is a fundamental rule that when the general assembly amends the statute, it intends to make a change in the existing law. (*Lindley v. Murphy*, 387 Ill. 506, 56 N.E.2d 832.) And it will always be presumed that the legislature did not intend absurdity, inconvenience or injustice to result from the passage of its laws. (*Illinois National Bank v. Chegin*, 35 Ill.2d 375, 220 N.E.2d 226.) In *Pliakos v. Illinois Liquor Control Commission*, 11 Ill.2d 456, 143 N.E.2d 47, while discussing statutory construction, the court stated at p. 460:

> "An interpretation should, if possible, be avoided, under which the statute or provision being construed is defeated, or as otherwise expressed, nullified, destroyed, emasculated, repealed, explained away, or rendered insignificant, meaningless, inoperative, or nugatory."

Appellants contend, however, that the one sentence amendment to Section 6—163 is not extensive enough or sufficiently clear to provide a new basis for computing pension benefits under the Firemen's Pension Code. In making this argument, appellants point out that in 1969, while extending similar pension benefits to police officers under the Police Pension Code as are here claimed by plaintiff, the legislature amended six sections and extensively altered the Police Pension Code. Rather than support appellant's position, we believe that the subsequent action of the legislature, in extending the same pension benefits to police officers, demonstrates that it intended to and did in fact provide a new basis for

computing firemen's pension rights by its earlier amendment to Section 6—163 in 1961.

■■ Appellants next maintain that within the meaning of the Pension Code plaintiff is not a fireman and therefore is precluded from obtaining the benefits he seeks. Section 6—106 of the Code defines fireman as follows:

> " 'Fireman': Any person who:
> (a) was, is or shall be employed by a city in its fire service as a fireman, fire engineer, marine engineer, or fire pilot, and whose duty is to participate in the work of controlling and extinguishing fire at the location of any such fire, whether or not he is assigned to fire service other than the actual extinguishing of fire * * *."

The Municipal Code of Chicago, Section 12—1, in creating a fire department, provides that the department shall include a Commissioner. The Municipal Code vests the Commissioner with "the management and control of all matters and things pertaining to the fire department and of all of the persons employed therein," but provides that he shall not be subject to active fire duty. The record clearly reveals that plaintiff does participate in the work of controlling and extinguishing fires, and that he properly assumes command of all fire department personnel at many fires. Plaintiff by ordinance is a part of the fire department. He actively engages in all phases of fire service, and as a fireman within the statutory meaning.

■■ Appellants further argue that, to interpret the amended Section 6—163 in the manner the trial judge did, places that section in conflict with Section 6—211 of the Firemen's Pension Code. Section 6—211 provides in part as follows:

> "No annuity, pension or other benefit shall be paid to fireman or widow, under this Article, based upon any salary paid by virtue of a temporary appointment. All contributions, annuities and benefits shall be related to the salary which attaches to the permanent position of fireman. Any fireman temporarily serving in a position or rank other than that to which he has received permanent appointment shall be considered while so serving, as though he were in his permanent position or rank * * *."

In making this argument, appellants contend that the position of fire commissioner is a temporary appointment.

■■ The parties agree that the term "temporary appointment" is not defined in the Pension Code. We therefore turn to other sources to determine its meaning. In his interpretation of the amendment to Section 6—163 given to the Board, A. A. Weinberg, an actuary of the fund, stated that the term "temporary appointment" ordinarily meant service ren-

dered for a period of 60 to 90 days. The Illinois Municipal Code, (Ill. Rev. Stat. 1967, ch. 24, par. 3—7—2), provides that city officers shall be appointed by the mayor with the advice and consent of the city council. (Municipal Code of City of Chicago, ch. 12, par. 12—4.) It further provides that if the city officer ceases to perform his duties or if the office becomes vacant, "* * * the mayor may appoint a temporary successor to the officer". The Civil Service Act, (Ill. Rev. Stat. 1967, ch. 24, par. 10—1—14,) permits a department head to make temporary appointments of persons in the classified service for a period not to exceed 120 days. Prior to this controversy, the Corporation Counsel had advised the Board that the position of Fire Commissioner was a permanent appointment. Even Doctor Pounian, upon whose testimony appellants rely heavily, testified that plaintiff's position was exempt rather than temporary. Within the meaning of Section 6—211, plaintiff was not appointed on a temporary basis, but received a permanent appointment as Commissioner. We therefore find that Sections 6—163 and 6—211 of the Code are not repugnant to or inconsistent with each other. Moreover, if it could be concluded that the two acts are repugnant, the last one enacted must be taken as controlling. *The Chicago and Riverdale Lumber Co. v. Vellenga,* 305 Ill. 415, 137 N.E. 212.

The financial stability of the Fund will be in no way endangered by computing pension benefits on the basis of actual annual salary rather than on the salary set for grade or rank, nor will it impose additional expense on the other participants of the Fund. The statute sets forth the manner of ascertaining the amount of pension due to each participant, and the City is required to levy a tax for the purpose of providing revenue for the Fund.

■■ Finally, we attach no significance to the fact that an assistant Corporation Counsel originally filed in the clerk's office a motion to strike and dismiss plaintiff's complaint, and later withdrew it without leave of court. The Administrative Review Act, (Ill. Rev. Stat. 1967, ch. 110, par. 272(b)), provides that no pleadings other than the complaint and the record of proceedings can be filed except by order of court. The original pleading was incorrectly filed; and, in withdrawing it and filing the record made before the Board, the Corporation Counsel did not act improperly.

We find that the trial judge correctly held that the action of the Board was contrary to law and against the manifest weight of the evidence. Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

DEMPSEY and DIERINGER, JJ., concur.