WALTER BRAUN, Plaintiff-Appellee, *v.* RETIREMENT BOARD OF THE FIREMEN'S ANNUITY & BENEFIT FUND OF CHICAGO, Defendant-Appellant (The Chicago Fire Fighters Union, Local No. 2, *et al.*, Intervenors-Appellants).

First District (5th Division)   No. 83—759

Opinion filed June 15, 1984.

James J. Ahern, of Connelly & Ahern, of Chicago, for appellant Retirement Board of the Firemen's Annuity & Benefit Fund of Chicago.

J. Peter Dowd, of Jacobs, Burns, Sugarman & Orlove, of Chicago, for other appellants.

Collins, Jutila & Shovlain, Chartered, of Waukegan (Peter T. Shovlain, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff sought administrative review of a decision rendered by the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago (Retirement Board) which denied his request to have his pension benefits computed on his actual exempt rank[1] salary as deputy fire commissioner of the Chicago fire department rather than on the salary appropriated to the highest civil or career service[2] rank he had attained. The trial court reversed the Retirement Board's decision and stayed enforcement of the order pending a determination on appeal.

The Retirement Board, the Chicago Fire Fighters Union, Local No. 2, International Association of Fire Fighters, AFL-CIO (the Union), and four elected trustees of the Retirement Board appeal the trial court's decision, contending that pursuant to article 6 of the Illinois Pension Code (the Pension Code) (Ill. Rev. Stat. 1983, ch. 108½, par. 6—101 et seq.), the basis for computation of plaintiff's pension benefits is the current annual salary appropriated to the highest career service rank he had held prior to his exempt appointment. In his cross-appeal, plaintiff asserts that the appeal should be dismissed on the ground that neither defendant Retirement Board nor intervenors has standing to sue. For the reasons stated below, we find that the intervenor appellants have standing to sue, and we reverse the judgment of the circuit court.

Pertinent to this appeal are the following:

Plaintiff was hired by the Chicago fire department as a firefighter, a career service position, on May 10, 1948, and remained in the career service ranks in various capacities until January 1, 1972, at which time he was promoted to his first exempt rank position, chief of personnel, plans and training. From January 1, 1972, to the present, he has continued to serve in various exempt rank positions, the last of

---

[1]Pursuant to the 1977 City of Chicago Personnel Rules, an exempt position is one that does not require certification prior to appointment from a general employment list maintained by the Commissioner of Personnel.

[2]With the adoption of the 1977 Chicago Personnel Rules, the term "civil service," formerly used in the superseded Civil Service Commission Rules, was revised to "career service."

which as deputy fire commissioner.

While working within the career service ranks, plaintiff's pension contributions and deductions were computed on his actual annual salary, and increased proportionately with his salary, but when he was promoted above the highest career service rank to the exempt ranks, his pension deductions were not increased concomitantly with his salary.[3] Instead, they continued to be computed upon the salary appropriated to his highest career service rank. As a result of this practice, on September 20, 1977, while serving as chief of personnel, plaintiff sent a demand letter to the Retirement Board requesting that all future pension deductions be based on his actual salary rather than on his highest career service salary. In addition, he requested a statement from the Retirement Board as to the amount of money he owed to the retirement fund so as to bring his contributions current with the higher computation base. When he received no response, plaintiff sent a follow-up letter to the Retirement Board on December 5, 1977, stating that if no action were taken on his request by January 1, 1978, plaintiff would demand a formal hearing. When the Retirement Board failed to reply by August 11, 1978, plaintiff issued a formal demand for a hearing, followed by a second formal demand on December 19, 1978, and a third on April 25, 1979. Finally, after filing a suit seeking a writ of *mandamus* demanding that he be given a formal hearing, plaintiff was granted a hearing before the Retirement Board in February and April 1982.

At the February hearing, plaintiff characterized his current position of deputy fire commissioner as "permanent exempt" and argued that because it is a permanent, not a temporary position, he is entitled to have pension deductions computed on his actual salary. The Corporation Counsel of Chicago (Corporation Counsel), acting as the Retirement Board's legal representative, concurred with plaintiff and relied on *Quinn v. Retirement Board* (1972), 7 Ill. App. 3d 791, 289 N.E.2d 117 (*Quinn*), as dispositive of the issue in plaintiff's favor.[4]

At the April hearing, the union was present for the first time and argued extensively against plaintiff's position, claiming that plaintiff's current exempt position is not permanent, thus, his pension is properly computed on the salary appropriated to the highest permanent career service rank he has held. As support for its argument that the

---

[3]Apparently for a six-month period in 1981, plaintiff's pension deductions were computed upon his actual exempt rank salary. However, the record is void as to any explanation for this isolated occurrence.

[4]*Quinn* will be discussed in detail later in this opinion.

designation "permanent" applies only to career service positions and the exempt position of fire commissioner, the Union relied on section 6—163 and 6—211 of the Illinois Pension Code and their interrelationship with the 1981 Municipal Code of Chicago (Municipal Code) and the 1977 and 1982 Revised Chicago Personnel Rules (Personnel Rules). In response, plaintiff reiterated his reliance on *Quinn* and urged the trial court to adopt the opinion of the Corporation Counsel expressed at the February hearing.

When the Retirement Board denied his request, plaintiff filed a complaint for administrative review in the circuit court, alleging, *inter alia*, that the Retirement Board's decision was erroneous and illegal in law and in fact and against the manifest weight of the evidence. Subsequently, the trial court granted the motion to intervene filed by the Union and certain individual pension trustees and granted plaintiff leave to file a two-count amended complaint wherein plaintiff sought, individually and on behalf of all annuitants of the Firemen's Annuity and Benefit Fund of Chicago similarly situated, administrative review of the Retirement Board's decision (count I); and class certification and injunctive relief (count II). Count II was subsequently severed and continued until such time as a decision was rendered on count I.

Following extensive arguments by plaintiff and intervenors, the trial court found *Quinn* dispositive of the issue, reversed the Retirement Board's decision, and ordered the defendant Retirement Board to compute plaintiff's pension and the pensions of others similarly situated on the basis of their actual exempt salaries. The court also stayed enforcement of the order pending appeal.

OPINION

■ We first address plaintiff's contention on cross-appeal that appellants lacked standing to prosecute this appeal. Specifically, plaintiff contends that: (1) the Retirement Board and its individual members are exceeding their statutory authority by prosecuting this appeal; and (2) the city of Chicago, represented by the Corporation Counsel, is the only party with standing to appeal and it has not elected to do so. We disagree and find *Quinn* dispositive of this issue.

In *Quinn*, plaintiff, the fire commissioner of the Chicago fire department, filed a complaint for administrative review of the Retirement Board's denial of his request that his pension benefits be computed on his actual exempt rank salary. At trial, the Corporation Counsel, acting as legal representative of the Retirement Board, urged the circuit court to reverse the Retirement Board's decision,

which the court ultimately did. Subsequently, the individual members of the Retirement Board who had voted against plaintiff's request[5] retained private counsel and appealed the circuit court's decision. Plaintiff and the Corporation Counsel each filed motions to dismiss the appeal on the ground that appellants lacked standing to sue. Recognizing that the individual Retirement Board members who had voted against plaintiff's request had a special interest which was directly and materially affected by the circuit court's decision and that the ends of justice would not be served by foreclosing their opportunity to obtain a review of that decision, the *Quinn* court denied the motions to dismiss.

Similarly, in the present case, the Corporation Counsel, acting as the Retirement Board's legal representative, adopted plaintiff's adversarial position at both the hearing and at trial, leaving the Retirement Board no alternative but to retain private counsel in order to protect its interests. Contrary to plaintiff's contention, this action by the Retirement Board is statutorily authorized (Ill. Rev. Stat. 1983, ch. 108½, par. 6—190) and is further justified by the Retirement Board's need to protect its fiduciary obligations as administrator of the retirement fund. (Ill. Rev. Stat. 1983, ch. 108½, par. 6—174.) With respect to the Union, we find that their right to appeal arises directly from their uncontested right to intervene in the trial court proceeding. (Ill. Rev. Stat. 1983, ch. 110, par. 2—408.) Accordingly, plaintiff's request to dismiss the appeal is denied.

■ We next address the issue as to whether plaintiff's actual salary earned in his exempt position or the salary appropriated to his highest attained career service rank provides the proper basis for computation of his pension benefits. All parties to this action concur that sections 6—111, 6—163 and 6—211 of the Pension Code govern computation of these benefits, but differ as to the application of these sections to the particular action at bar. The relevant sections provide, in pertinent part:

"Sec. 6—111. Salary. 'Salary': *** annual salary of a fireman, as follows:

(a) For age service annuity *** the actual amount of the annual salary." Ill. Rev. Stat 1983, ch. 108½, par. 6—111.

"Sec. 6—163. Annual salary for computing annuities and benefits—Amount of duty disability benefit limited. For age and service annuity *** salary as defined in Section 6—111 shall be the basis of computation." Ill. Rev. Stat. 1983, ch. 108½, par.

---

[5]The vote of the Retirement Board had resulted in a four-to-four tie.

6—163.

"Sec. 6—211. Permanent and temporary positions. No annuity, pension or other benefit shall be paid to a fireman or widow, under this Article, based upon any salary paid by virtue of a temporary appointment. All contributions, annuities and benefits shall be related to the salary which attaches to the permanent position of fireman. Any fireman temporarily serving in a position or rank other than that to which he has received permanent appointment shall be considered, while so serving, as though he were in his permanent position or rank, except that no increase in any pension, annuity or other benefit hereunder shall accrue to him by virtue of any service performed by him subsequent to attaining the compulsory retirement. age provided by law or ordinance. This section shall not apply to any person certified to the fire department by the civil service commission of the city, during the period of probationary service." Ill. Rev. Stat. 1983, ch. 108½, par. 6—211.

Relying on the statutory analysis set forth in *Quinn*, plaintiff asserts that the plain language of Pension Code sections 6—111 and 6—163 unambiguously provides that pension benefits for exempt positions such as his are to be based on the fireman's actual annual salary. The fallacy in this argument is twofold. First, plaintiff focuses primarily on sections 6—111 and 6—163 of the Pension Code, minimizing the impact of section 6—211 which sets forth the exception to the general rule contained in section 6—163. Second, he mistakenly relies on *Quinn*, which decision is expressly limited to the unique position of fire commissioner.

With respect to plaintiff's analysis of the Pension Code, it is axiomatic that when construing a statute, a court must not be guided by a single sentence or by an isolated provision. (*Winks v. Board of Education* (1979), 78 Ill. 2d' 128, 135, 398 N.E.2d 823.) Rather, the statute as a whole must be evaluated, with each provision being construed in connection with every other provision and in light of the statute's general purposes. (*Miller v. Department of Registration & Education* (1979), 75 Ill. 2d 76, 81, 387 N.E.2d 300; *Borg v. Village of Schiller Park Police Pension Board* (1982), 111 Ill. App. 3d 653, 657, 444 N.E.2d 631.) Accordingly, in applying the Pension Code provisions to the facts at bar, we cannot ignore or give cursory review to section 6—211 which provides the exception to the general rule for computation of pension deductions.

With respect to plaintiff's reliance on *Quinn*, the pivotal distinction between *Quinn* and the facts at bar which renders *Quinn* inappli-

cable is the actual exempt position held by each plaintiff. In *Quinn*, plaintiff was the fire commissioner. Here, plaintiff is the deputy fire commissioner. Plaintiff argues that that distinction is irrelevant because the *Quinn* holding applies to any participant in the fund who holds an exempt position. In support of his contention, plaintiff relies on the following excerpt from the *Quinn* opinion:

> "In our opinion, the legislature clearly intended that after the 1967 amendment to Section 6—163 the minimum annuity or pension of a participant in the fund would be predicated upon the actual amount of annual salary appropriated in the annual budget for the particular position occupied by the participant." (*Quinn v. Retirement Board* (1972), 7 Ill. App. 3d 791, 797.)

We find the foregoing paragraph unpersuasive of plaintiff's position for two reasons. First, it is *dicta*, not the holding of the court. Second, it merely paraphrases the general rule for pension computation which is not in dispute without reference to the section 6—211 exception. In that portion of the opinion where the *Quinn* court does address the "temporary" versus "permanent" controversy triggered by the section 6—211 exception, the court's conclusion is strictly limited to the position of fire commissioner, as indicated by the following: "Within the meaning of Section 6—211, plaintiff was not appointed on a temporary basis, but received a permanent appointment as Commissioner." (7 Ill. App. 3d 791, 799.) Accordingly, our determination that *Quinn* is factually distinguishable from the present case renders irrelevant plaintiff's argument that legislative acquiescence to *Quinn* demonstrates the legislature's intent that computation of the pension benefits for exempt positions should be based upon actual annual salary.

Although we find *Quinn* distinguishable on the facts, we recognize the similarity of the central issue confronted by both the *Quinn* court and by this court, *i.e.*, the legislature's intended meaning of the words "temporary" and "permanent" as they appear in section 6—211. While we concur with the *Quinn* holding, we disagree with that court's reliance on an opinion letter rendered by the Corporation Counsel and an interpretation by the retirement fund's actuary. In the present case, as in *Quinn*, by adopting plaintiff's position, the Corporation Counsel became, in effect, the Retirement Board's adversary while concurrently acting as its legal representative. Thus, in our opinion, it would be highly prejudicial for us to give opinion letters issued by the Corporation Counsel determinative weight in our decision. (See *People ex rel. Brenza v. Gebbie* (1955), 5 Ill. 2d 565, 577, 126 N.E.2d 657.) With respect to the actuary, we decline to vest its nonlegal definition of a pivotal statutory term with legally authoritative

weight. Instead, we look to House Bill No. 483 (Pub. Act 83—16), an amendment to sections 6—111 and 6—211 of the Code, signed into law on July 7, 1983 (*Willis v. Ohio Casualty Co.* (1981), 101 Ill. App. 3d 1099, 1104, 428 N.E.2d 1061), section 25.1—3 of the Municipal Code, and Rule III of the Personnel Rules (see *Gillespie v. City of Maroa* (1982), 104 Ill. App. 3d 874, 878, 433 N.E.2d 688) for clarification of the legislature's intended meaning of the words "temporary" and "permanent" as they appear in section 6—211.

In substance, Public Act 83—16 adds "Subject to Section 6—211" to the first sentence of section 6—111, revises section 6—211's title to read: "Permanent and temporary positions," and adds the following clarifying paragraph to the end of section 6—211:

> "A fireman who holds a position at the will of the Fire Commissioner or other appointing authority, whether or not such position is an 'exempt' position, shall be deemed to hold a temporary position, and such employee's contributions and benefits shall be based upon the employee's permanent career service salary. The provisions of this paragraph shall be retroactive to January 1, 1976."

Thus, pursuant to Public Act 83—16, a temporary position is one filled by discretionary appointment. The question then becomes in what manner is the position of deputy fire commissioner filled.

■ Resolution of that query lies in section 25.1—3 of the Municipal Code and Rule III of the Personnel Rules. Read in conjunction, they classify the office of deputy fire commissioner as a senior executive position to which an appointment is made at the discretion of the department head.[6] We hold that plaintiff's exempt position is temporary within the meaning of that term as used in section 6—211 and computation of his pension benefits is properly based upon the salary appropriated to his highest attained career service rank.

■ Plaintiff argues that retroactive application of Public Act 83— 16 would trigger serious constitutional problems on the grounds that: (1) it implies that section 6—163, as amended, applies only to the fire commissioner position, thus creating an arbitrary distinction; and (2) it diminishes pension benefits in direct violation of the Illinois Constitution of 1970. We disagree. Contrary to plaintiff's position, section 6—163 applies to all firemen who do not fall within the exception delineated in section 6—211. Far from being arbitrary, this distinction

---

[6]Pursuant to appendix A of the Municipal Code, the same analysis is applicable to every exempt position held by plaintiff prior to his current position of deputy fire commissioner.

has its roots in article 10 of the Illinois Municipal Code (Ill. Rev. Stat. 1967, ch. 24, par. 10—1—1 *et seq.*), which was subsequently incorporated into and superseded by the 1977 Personnel Rules. Moreover, Public Act 83—16 does not change existing law; it merely clarifies it. Accordingly, it cannot act to diminish benefits to which plaintiff was never entitled.

■■ Finally, we address defendant's and intervenors' argument that the circuit court's order extending relief to a class rather than to plaintiff alone was an abuse of its discretion. Plaintiff's initial complaint which sought administrative review of the Retirement Board's decision on behalf of himself only was subsequently amended to include a second count which requested declaratory and injunctive relief on behalf of himself and others similarly situated. By order dated October 1, 1982, the trial court severed the two counts and stayed consideration of count II, which included the class claim, until final determination of count I. Thereafter, in direct contradiction to this ruling, the trial court entered a final order directing the Retirement Board to compute the pension of "others similarly situated on the basis of their actual exempt salaries." Based on these uncontroverted facts, we concur with defendant and intervenors that the trial court's action was an abuse of discretion in that it violated section 2—801 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—801), which sets forth the manner by which a class action determination is to be made, and denied defendant its fundamental right to present its argument against class certification. See *Nye v. Parkway Bank & Trust Co.* (1983), 114 Ill. App. 3d 272, 276, 448 N.E.2d 918.

For the foregoing reasons, we reverse the judgment of the circuit court and reinstate the decision of the Retirement Board.

Reversed.

MEJDA, P.J., and SULLIVAN, J., concur.