JAMES R. TAYLOR, Plaintiff-Appellant, *v.* BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE VILLAGE OF HOFFMAN ESTATES, Defendant-Appellee.

First District (2nd Division)   No. 83—1234.

Opinion filed June 26, 1984.

Richard N. Williams, of Hoffman Estates, for appellant.

Martin J. Healy, Jr., of Healy & Nolan, of Chicago, for appellee.

JUSTICE PERLIN delivered the opinion of the court:

The plaintiff, James R. Taylor, sought administrative review of defendant's initial determination to exclude him from the police pension fund and from its subsequent action of placing conditions on his continued membership in that fund. After a hearing, the trial court affirmed the decision to place conditions on plaintiff's continued membership in the fund. Plaintiff appeals, contending that he, as police chief, is not a part-time policeman as matter of law for police pension fund purposes even though he is also a public safety officer and the fire chief of Hoffman Estates.

Plaintiff filed his complaint for administrative review on August 10, 1982. That complaint alleged that plaintiff was the duly appointed police chief of the village of Hoffman Estates on August 18, 1980, and was also the duly appointed fire chief of that village on March 19, 1981; that plaintiff was accepted as a participant in the police pension fund in 1981; that plaintiff was terminated from that fund at a meeting of the board of trustees of the Hoffman Estates police pension fund on April 13, 1982, for the reason he also held the position of fire chief, and therefore was a part-time policeman; that on April 23, 1982, plaintiff requested a rehearing by defendant of the decision to terminate his membership; that on July 13, 1982, defendant granted a rehearing and advised plaintiff that he would be readmitted into the police pension fund if he resigned as fire chief or if he signed a waiver of claim to the police pension fund in the event he was injured or killed while performing duties as the fire chief; and that the decision of defendant to interpret the term "policeman" in an exclusive manner was erroneous. The complaint then requested that the court order defendant to readmit plaintiff to the police pension fund without any conditions. Attached to the complaint were minutes from the pension board meeting of July 13, 1982. Those minutes indicated that Mr. Manning, one of the trustees, made a motion to reaccept plaintiff into the police pension fund under the condition that the pension

board receive from plaintiff a waiver of liability stating that if plaintiff was injured or killed acting as the fire chief, a police pension would not be granted to him. The minutes further indicate that the motion carried.

A memorandum of law filed by plaintiff in support of his complaint further alleged that he was accepted into the police pension fund prior to his appointment as fire chief; that, when he was appointed fire chief, no change in his salary was authorized for this additional appointment; and that subsequently he chose to remain in the police pension fund.

After a hearing on plaintiff's complaint on April 20, 1983, the trial court held that plaintiff's complaint for review of the order of April 13, 1982, was not timely filed. However, the court also held that the complaint was timely filed as to defendant's action of July 13, 1982, and that the action of the pension board on that date would be affirmed.

As stated above, plaintiff contends that he, as police chief, is not a part-time policeman as a matter of law for police pension fund purposes even though he simultaneously held the positions of public safety director and fire chief. He further maintains that his constitutional contractual rights to the pension fund have been impaired by defendant's actions.

Article XIII, section 5, of the Illinois Constitution of 1970 states:

"Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired."

Section 3—106 of the Illinois Pension Code defines a policeman as:

"Policeman, policemen, or member of the police force. *** Any person who: (a) is heretofore or hereafter appointed to the police force of a police department and sworn and commissioned to perform police duties; and (b) is found upon examination of a duly licensed physician or physicians selected by the Board to be physically and mentally fit to perform the duties of a policeman; and (c) within 3 months after receiving his first appointment, and if reappointed, within 3 months thereafter, makes written application to the Board to come under the provision of this Article.

The 'application within 3 months' requirement imposed by the first paragraph of this Section does not preclude the participation of any policeman who would have been ineligible to par-

ticipate at the end of his 3 month period by reason of his age at that time if he elects to participate as provided in Section 3—109.

Policemen serving initial probationary periods, if otherwise eligible, shall be policemen within the meaning of this Section." Ill. Rev. Stat. 1983, ch. 108½, par. 3—106.

Section 3—109 of the same statute defines persons excluded as:

"This Article shall not apply to the following persons: (a) Part-time policemen, special policemen, night watchmen, temporary employees, traffic guards or so-called auxiliary policemen specially appointed to aid or direct traffic at or near schools or public functions, or to aid in civil defense, municipal parking lot attendants, clerks or other civilian employees of a police department who perform clerical duties exclusively. (b) Any policeman who fails to pay the salary payments or deductions hereinafter defined ***." Ill. Rev. Stat. 1983, ch. 108½, par. 3—109.

■ It is well established that pension statutes are to be liberally construed in favor of those who are to be benefited. (*Board of Trustees v. Department of Insurance* (1976), 42 Ill. App. 3d 155, 159, 356 N.E.2d 171.) In *Quinn v. Retirement Board* (1972), 7 Ill. App. 3d 791, 798, 289 N.E.2d 117, the Chicago Fire Retirement Board determined that plaintiff, as fire commissioner of Chicago, was not a "fireman" pursuant to section 6—106 of the pension statute, since it was apparent that he did not actively fight fires. However, that determination was reversed on administrative review. In affirming, this court reviewed the powers given to the fire commissioner by the Municipal Code of the City of Chicago and found that plaintiff was a fireman pursuant to such authorization. Moreover, in *Board of Trustees v. Department of Insurance* (1982), 109 Ill. App. 3d 919, 922, 441 N.E.2d 107, this court also held that the job description of firemen did not change with respect to their membership in the firemen's fund when the additional duties of a paramedic were taken on by certain firemen of the city of Park Ridge. After having carefully examined the record on appeal, we are of the opinion that plaintiff's responsibilities as police chief of Hoffman Estates do not in any way fall under the exclusion contemplated by the aforesaid statute. As a police chief of a large municipality, it is evident that such responsibilities cannot be construed to be that of a part-time employee.

■ In addition, the job description of police chief did not change when plaintiff took on the additional duties of fire chief and public safety director. There are many situations in which policemen have

been injured while assisting firemen in the fighting of fires. Consequently, we are of the opinion that it would be unfair to plaintiff if under all situations he was excluded from the policemen's pension fund if injured while fighting a fire. As indicated above, it is well established that State pension plans are contractual. Accordingly, a modification, which changes the basis of the determination of pension benefits, cannot be applied to members who had contractual rights prior to the modification. (See *Kraus v. Board of Trustees* (1979), 72 Ill. App. 3d 833, 844, 390 N.E.2d 1281.) As indicated above, plaintiff was accepted into the police pension fund prior to his appointment as fire chief. The record on appeal does not reveal that there were any limitations or qualifications placed on that membership at that time. Plaintiff chose to remain a member of the police pension fund. Accordingly, when he was accepted as a member of such fund prior to his appointment as fire chief, his rights under that fund amounted to contractual rights. We must conclude, therefore, that the board acted improperly when it attempted to place subsequent conditions upon the exercise of those contractual rights. Thus, the second action by defendant, in which it allowed plaintiff reentry into the pension fund upon waiver of a claim of injury or death at a fire scene, constituted an admission on the part of defendant that plaintiff is not a part-time policeman.

It is also true that plaintiff has the title of Public Safety Director. Defendant calls attention to *Board of Trustees v. Mathias* (1982), 109 Ill. App. 3d 894, 441 N.E.2d 362, in which the trial court was asked to determine whether public safety officers who had duties in both fire protection and police protection were unfairly excluded from both pension funds due to their overlapping abilities. The trial court allowed the public safety officers to elect one fund or the other. This court reversed on other grounds. However, in doing so, it made the following statement:

> "It may well be that the provisions of article 4 do not apply to Rosemont's Public Safety Department and its alleged hybrid classification of police officer/firefighter. If that is the case, then only the legislature can act to insure uniformity in the pension benefits provided to such employees throughout the State." (109 Ill. App. 3d 894, 900.)

Defendant points out that the legislature has enacted two separate statutory schemes providing two separate pension funds, one for the police and the other for firefighters. Defendant argues that there is no allowance for overlapping duties in either plan and calls attention to the fact that the legislature has never acted to amend these stat-

utes or enact new provisions covering persons of a "hybrid" nature. In view of *Mathias*, defendant maintains that only the legislature and not this court can act to cure this situation.

However, as stated above, plaintiff has chosen to become a member of the police pension fund. His duties fit the definition of a policeman contained in that statute. Moreover, as previously mentioned, it is possible that a police officer could be injured while assisting a fireman fighting a fire. In addition, we are of the opinion that the above-cited portion of the *Mathias* opinion was *dicta* and not part of the holding in that case. Since plaintiff seems to fall in between the two statutory schemes in that he also has the title of Director of Public Safety, it would be unfair to deny him coverage in the police pension fund, since he also qualifies as a policeman and was accepted as a member of that fund.

■■ ■ It is well established that the decision of the pension board must be considered *prima facie* true and correct and will not be reversed upon review unless that conclusion is against the manifest weight of the evidence. (See *Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 83, 361 N.E.2d 782.) As indicated above, we feel that defendant's conclusion in the present matter was against the manifest weight of the evidence since, as a matter of law, plaintiff's job and salary fulfill the requirements of a policeman, as defined under the Illinois Pension Code. Therefore, we must conclude that defendant erroneously determined on April 13, 1982, that plaintiff, since he was Director of Public Safety and the fire chief, in addition to his duties as a police chief, was only a part-time policeman and not eligible for membership in the police pension fund.

■■ Defendant further maintains that plaintiff's complaint for administrative review of the April 13, 1982, decision was untimely since it was not filed until August 10, 1982, more than 35 days after defendant's decision. Section 3—103 of the Code of Civil Procedure provides that:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1983, ch. 110, par. 3—103.)

However, after plaintiff was terminated from the fund on April 13, 1982, he filed a request, dated April 23, 1982, that the administrative decision be reconsidered. Defendant has not proffered any evidence which would indicate that the letter was not timely mailed or received by defendant. It is also evident from defendant's minutes of the meet-

ing on July 13, 1982, that defendant decided to honor plaintiff's request and reconsider his deactivation from the fund. We are of the opinion that, under these circumstances, the 35-day time period for the filing of a complaint for administrative review was not violated. Further, as indicated above, plaintiff's complaint for administrative review was filed on August 10, 1982, which was within 35 days of defendant's decision to accept plaintiff back into the fund contingent upon his agreeing to several conditions. This latter decision was substantially interwoven with the decision of April 13, 1982. We must also point out that in its brief on appeal, defendant does not argue that any statutory or administrative provisions regarding the propriety of rehearing of an administrative decision have been violated in this case. Accordingly, we believe that plaintiff's complaint for administrative review was timely, and therefore we may properly consider both defendant's April 13, 1982, decision and its modification of that decision on July 13, 1982.

The judgment of the circuit court is therefore reversed.

Judgment reversed.

STAMOS and DOWNING, JJ., concur.