MARIA ALONSO, Plaintiff-Appellant, v. FRANCIS O'GRADY *et al.*, Defendants-Appellees.

First District (5th Division) No. 85—1869

Opinion filed February 6, 1987.—Rehearing denied April 7, 1987.

Susan E. Loggans & Associates and Todd C. Lemke, both of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, H. Anne McKee, and Ronald L. Kammer, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff instituted a negligence action against defendants to recover damages for injuries sustained from a fall in the stairway of a residential property that had been leased to her son. This appeal is taken from a summary judgment order entered by the trial court in favor of defendants.

We affirm.

Plaintiff resided with her son and his wife in a house owned by defendants. The residential property, located in Schiller Park, Illinois, had been leased to plaintiff's son in February 1980. Said lease granted the family the right to occupy the entire house.

Sometime in June 1981, plaintiff fell and injured herself when she tripped on an exposed metal strip that ran along the edge of the steps in the stairway of said premises. As there were no handrails along the stairway for the plaintiff to grab onto, she was unable to regain her balance.

Plaintiff subsequently filed a lawsuit alleging, *inter alia*, that defendants had a duty to install a handrail at the site of the accident and that failure to do so had proximately caused her injuries. After conducting various depositions and written discovery, defendants moved for summary judgment arguing that no such duty was imposed by the common law and that as the tenants, by virtue of their lease, exercised complete control over the premises, no liability could arise for injuries resulting from a defective condition on the property.

Plaintiff next petitioned and was granted leave to file an amended complaint. Citing the BOCA basic building code (hereinafter referred to as the building code) and the BOCA property maintenance code (hereinafter referred to as the maintenance code), plaintiff this time pleaded liability on the basis that defendants had failed to comply with two duly enacted village ordinances. The building code adopted by a Schiller Park village ordinance in 1977 (Village of Schiller Park, Il., Building Code, ch. 7, art. II, sec. 7—24 (1977)) was enacted to regulate all future construction, repair, and alteration of buildings. Section 816.5 specifically set forth requirements for stairways to have handrails, while sections 816.5.1 through 816.5.4 identified and designed specifications for such handrails. The property maintenance code, adopted by a Schiller Park village ordinance in 1979 (Village of Schiller Park, Il., Building Code, ch. 7, art. II, sec. 7—26 (1979)) required stairs to be made safe in accordance with the regulations delineated in the building code and set standards relating to the maintenance of handrails.

Following a hearing on defendants' summary judgment motion, the trial court concluded that (1) the BOCA building code could not apply to the subject house since the structure had been built prior to the village's adopting the aforesaid regulations, and (2) as the building code was inapplicable and as the requisite standards of the property maintenance code related solely to the regulations contained in the building code, noncompliance with such provisions could not form the basis of defendants' liability.

OPINION

In seeking reversal of the trial court's decision, plaintiff argues

that the maintenance code, as it relates to the building code, imposed a duty on defendants to install handrails in the leased residential property. At issue is whether the handrail provision of the maintenance code is at all applicable to the subject structure.

■ Legislative intent of a particular provision is initially determined by examining the subject section's language in context with the remaining provisions of the enactment. (*People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569; *Braun v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1984), 125 Ill. App. 3d 132, 465 N.E.2d 589.) In article 8 of the Schiller Park Building Code (BOCA Basic Building Code sec. 800.0 (1975)) the village established in clear and unambiguous terms that the enactment had as its purpose to:

> "control the design, construction and arrangement of building elements required to provide a reasonably safe means of egress from all buildings and structures *hereinafter* erected, and from all buildings *hereinafter* altered." (Emphasis added.)

To ensure that the above construction standards were met and preserved for as long as the building remained standing, the village next adopted a series of property maintenance requirements, which included, in pertinent part, as follows:

> "PM303.8 STAIRS, PORCHES, AND RAILINGS:
> stairs and other exit facilities shall be adequate for safety as provided in the building code.
> PM303.8.2 HANDRAILS:
> Every flight of stairs which is more than three rises high, shall have handrails which shall be located as required by the building code ***. Every handrail and guardrail shall be firmly fastened and capable of bearing normally imposed loads and shall be maintained in good condition."

Plaintiff in the instant case maintains that in adopting the maintenance code, the village of Schiller Park intended to require existing structures, not otherwise subject to the building code, to conform to the requirements of that statute. We find this to be an unnatural and contrived interpretation of the village's intent.

The building code unequivocally establishes that the requirements found therein have no bearing on structures built prior to the law's enactment. Rather, its standards were meant to be imposed on newly erected buildings or existing structures requiring repairs or alterations pursuant to a permit. The house leased to plaintiff's son, having been constructed approximately 25 years prior to the adoption of the building code, is thus not subject to the provisions required by that ordinance.

Further, since the maintenance code was subsequently adopted to ensure that building standards continue to conform to the code under which the structure was built, we fail to see how the provisions of one code can be read independently of the other. Had the village of Schiller Park intended to require all buildings (whether or not already in existence at the time of the enactment of the ordinance) to conform to the building code requirements, it could have easily done so by specifically so providing in the property maintenance code. Instead it chose merely to adopt the guidelines set forth for the maintenance of the previously established standards of construction.

■■ That the provisions of the maintenance code were meant to be read in conjunction with those of the building code is clearly illustrated by the section relating to handrails. In that section, the village pointedly relies on the building code to initially determine whether handrails are required. Only then does it proceed to provide guidelines for their maintenance. Hence, the maintenance code's reference to the requirement of handrails is only made in connection with their maintenance.

Structures exempted from the building code requirements cannot be subject to the maintenance provisions. To hold otherwise would merely provide an irrational and tortured interpretation of the village's intent. We must therefore conclude that as the building code did not apply to the subject leased property, neither can the related provisions of the maintenance code.

The judgment of the trial court is affirmed.

Affirmed.

PINCHAM and MURRAY, JJ., concur.